UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE RICHARD SEEBORG

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. CR 11-0488 RS |
| ) | |
| HOMY HONG-MING HSU, EAGLE EYES ) | |
| TRAFFIC INDUSTRIAL CO., LTD., ) | |
| E-LITE AUTOMOTIVE, INC., ) | |
| ) | San Francisco, California |
| Defendants. ) | Tuesday |
| _____) | December 20, 2011 |

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:           UNITED STATES DEPARTMENT OF JUSTICE
                         Antitrust Division
                         450 Golden Gate Avenue
                         Room 10-0101, Box 36046
                         San Francisco, California 94102
                  BY:    **JACKLIN CHOU LEM, TRIAL ATTORNEY**
                         **HOWARD PARKER, TRIAL ATTORNEY**

For Defendant            LAW OFFICES OF BECKY WALKER JAMES
Homy Hong-Ming Hsu:      1990 South Bundy Drive, Suite 705
                         Los Angeles, California  90025
                  BY:    **BECKY WALKER JAMES, ESQUIRE**


For Defendants           MANATT, PHELPS AND PHILLIPS
Eagle Eyes,              795 Town Center Drive, 14th Floor
E-Lite:                  Costa Mesa, California  92626
                  BY:    **KENNETH BENTON JULIAN, ESQUIRE**

Also Present:            Marilyn Luong, Interpreter

Reported By:     *Katherine Powell Sullivan, CSR #5812, RPR, CRR*
                 *Official Reporter - U.S. District Court*

<pre>
 1                    P R O C E E D I N G S

 2   DECEMBER 20, 2011                               2:28 P.M.

 3

 4          THE CLERK:  CR 11-488, USA versus Homy Hong-Ming Hsu,

 5   Eagle Eyes Traffic, and E-Lite Automotive.

 6          MS. LEM:  Good afternoon, Your Honor.  Jackie Lem for

 7   the United States.

 8          THE COURT:  Good afternoon.

 9          MR. PARKER:  Howard Parker for the United States.

10   Good afternoon.

11          THE COURT:  Good afternoon.

12          MR. JULIAN:  Good afternoon, Your Honor.  Ken Julian

13   on behalf of Eagle Eyes and E-Lite.

14          THE COURT:  Good afternoon.

15          THE INTERPRETER:  Marilyn Luong, court certified

16   interpreter.  I have been sworn on this case.

17          THE COURT:  Good afternoon.

18          THE INTERPRETER:  Good afternoon.

19          THE COURT:  So we have counsel for the two corporate

20   entities.

21          MS. JAMES:  Good afternoon, Your honor.  Becky Walker

22   James for defendant Homy Hsu, who is present and being assisted

23   by a Mandarin interpreter.

24          THE COURT:  Good afternoon.

25          And do we have an additional individual defendant on
</pre>

```
 1  the calendar?
 2           MS. LEM:  There is, Your Honor, an additional
 3  defendant in the superseding indictment, Yu-Chu Lin.  It's our
 4  understanding that he's a resident of Taiwan.  Counsel has not
 5  agreed to accept service of a summons on his behalf.  An arrest
 6  warrant has been issued.  We understand there is no extradition
 7  with Taiwan, so as of today he remains abroad and has not yet
 8  come to face the charges.
 9           THE COURT:  All right.  So everyone who's going to be
10  part of this, at this point, we have --
11           MS. LEM:  That's correct.
12           THE COURT:  -- before us?
13           All right.  This is the first appearance with respect
14  to the corporate entities in front of me.  We've had prior
15  proceedings for the individual defendant.  And we had set a
16  trial date, I believe, in March.
17           MS. LEM:  That's correct.
18           THE COURT:  And now my understanding is that in light
19  of the superseding indictment or the indictment that's included
20  these additional defendants, there's a request for a new date.
21  Is that right?
22           MS. LEM:  That's correct, Your Honor.  The government
23  does believe that the criminal trial should go first and
24  precede any trial in the parallel civil matter that is pending
25  in the Central District before Judge George Wu.  We are -- we
```

1  do have some concern that any delay in the criminal trial will
2  potentially delay the civil cases.
3  	Eagle Eyes in the parallel civil cases have -- they
4  have filed a motion for a complete stay of those proceedings.
5  The government intends to file tomorrow a motion for a
6  protective order to stay depositions of certain individuals who
7  will be potential trial witnesses in this criminal trial.
8  	Given all that, we do acknowledge, though, that given
9  the circumstances with the superseding indictment having been
10 filed just a few weeks ago, also Mr. Hsu's counsel is pregnant,
11 we do acknowledge that some reasonable additional time may be
12 necessary for preparation of the trial.
13 	**MR. JULIAN:**  Your Honor, Ken Julian on behalf of
14 Eagle Eyes and E-Lite.
15 	We believe that we would need approximately 12
16 months, with at least ten months to get ready for this case.
17 But as an accommodation to Mr. Hsu, we're willing to try and
18 get the case prepped early.  I think we arrived on this June
19 date as a compromise date.
20 	**THE COURT:**  What was the particular June date that
21 you were proposing?
22 	**MR. JULIAN:**  Mid to -- I'm not sure if the clerk gave
23 us a date.
24 	**THE COURT:**  All right.
25 	**MS. LEM:**  Subject to the Court's calendar.

1  **THE COURT:** Well, I'm supposed -- I think I'm
2  supposed to sit by designation with the Ninth Circuit the first
3  week in June. So that I'm committed to doing. After that I
4  can accommodate you.
5   I haven't gone back to look. There may be a day here
6  or a day there where I need to be out of the district, but we
7  just advise the jury of that in advance, and that's not usually
8  a problem.
9   So, let's see. Perhaps the -- so you're saying the
10 second or third week in June is what you're suggesting?
11  **MR. JULIAN:** Yes, Your Honor. Reserving the right to
12 possibly ask for more time at the end if needed, since we are
13 compromising.
14  **THE CLERK:** The 11th or the 18th.
15  **THE COURT:** Do you want the 18th?
16  **MR. JULIAN:** 18th, yes, Your Honor.
17  **THE COURT:** Is that fine with the government?
18  **MS. LEM:** That is fine, Your Honor.
19  **THE COURT:** All right.
20  **MR. JULIAN:** And, Your Honor, I understand from
21 co-counsel that the estimate on the case was two to three
22 weeks. I think three to four weeks or three and a half weeks
23 is probably a more accurate estimate.
24  **THE COURT:** I appreciate you telling me that, at this
25 point. Just for your benefit, I think others probably know

1  this already, my general approach -- I'm not completely set in
2  doing it this way -- I generally run the trials 8:30 to 1:30,
3  Monday, Tuesday, Wednesday, and Friday.
4       So in terms of your calculating the amount of time it
5  would take with two short breaks, two 15-minute breaks,
6  depending upon my schedule if it's a shorter trial I try to --
7  I'm amenable to running it the whole day.  If it's a
8  several-week trial, I will probably do it with this type of
9  schedule.  So you can keep that in mind.  I assume that is
10 certainly not going to shorten your estimate any.
11     **MR. JULIAN:**  No, Your Honor, but I understand.  I
12 think that approach actually gets almost as much trial done as
13 the other.
14     **THE COURT:**  That's been my experience.  And the
15 jurors seem to like it better.
16     So, okay, I take it there's going to be a request to
17 exclude time.
18     **MS. LEM:**  Yes.  Yes, there is, Your Honor.  We can go
19 ahead and prepare an order.
20     **THE COURT:**  All right.  And do defense counsel agree
21 that time is appropriately excludable at this point?
22     **MR. JULIAN:**  Yes, Your Honor.
23     **MS. JAMES:**  Yes, Your Honor.
24     **THE COURT:**  I will ask you to prepare an exclusion
25 order for me.

1          What we may do is, I may set a date to see you again
2    just on a status basis to see how things look.  And perhaps
3    we'll do that in -- set a date in March, at some point.  I'm
4    not sure.  I can just pick a date now and we can move it if we
5    need to, but on one of my March criminal calendar days.  Why
6    don't we say early March.
7          **THE CLERK:**  March 6th.
8          **THE COURT:**  Okay.  At 2:30.  If that's not workable
9    for people, we can adjust that.  But just to have a date of
10   something to -- a placeholder so that I don't lose track of
11   where you are, and maybe you can give me an update on how
12   things are looking.  Okay.
13         **MS. JAMES:**  Your Honor, we did have some motions
14   previously scheduled.  Will those get moved?
15         **THE COURT:**  Is that the request?
16         **MS. LEM:**  Yes.
17         **THE COURT:**  What I would ask the parties to do is
18   meet and confer, and see if you can come up with a proposed
19   schedule for the filing of any motions.  And then the pretrial
20   conference, which you want to have at least a week between,
21   more like ten days to two weeks before the actual trial in a
22   case like this, with the pretrial conference.  So if you want
23   to come up with a proposed schedule for me, that would be fine.
24         **MR. JULIAN:**  Your Honor, may we file a -- that motion
25   schedule, I assume, is for trial-related motions?

1         **THE COURT:** Well, it depends. I'm assuming right now
2 you are talking about motions for any kind of -- anything but
3 motion in limine type of practice.
4         I was assuming you wanted a date for -- I'm not
5 suggesting you should file such a thing but, you know, a motion
6 to dismiss the indictment, motion to suppress evidence, any
7 motions of that kind is what I thought the motion date that you
8 had in mind.
9         Motion in limine, you know, certainly if people are
10 prepared to bring those earlier rather than later I appreciate
11 that. But often we deal with those at pretrial conference
12 stage.
13         Also, if there is going to be any expert testimony
14 and there would be any anticipated Daubert proceedings, we want
15 to set that also. And that might need to be specially set if
16 an evidentiary hearing is necessary.
17         I don't know your case well enough to know if you're
18 going to be in that situation or not. But plan that as well.
19         **MR. JULIAN:** The reason for my request, Your Honor,
20 we may have one early motion that we want to bring. It's not a
21 motion to dismiss but it does deal with some privileged issues;
22 otherwise, I would go into it further right now. Maybe we can
23 work out the scheduling --
24         **THE COURT:** Yes. You can put that just on a Tuesday,
25 2:30 calendar, and work out a briefing schedule with the

1  government, and I can hear it.  We don't have to, you know,
2  have a special date for that.  You can just -- as long as you
3  give me a week with the papers before the hearing, then you can
4  schedule it any way you like.
5           **MR. JULIAN:**  Thank you, Your Honor.
6           **THE COURT:**  Anything further?
7           **MS. LEM:**  Nothing further from the government, Your
8  Honor.
9           **MR. JULIAN:**  No, Your Honor.
10          **MS. JAMES:**  No, Your Honor.
11          **THE COURT:**  Thank you.  See you in March then, or
12  sooner if there is some motion practice.
13          (At 2:38 p.m. the proceedings were adjourned.)
14                            - - - -
15
16
17
18                    **CERTIFICATE OF REPORTER**
19      I certify that the foregoing is a correct transcript
20  from the record of proceedings in the above-entitled matter.
21
22  DATE:   Wednesday, February 29, 2012
23
                        s/b Katherine Powell Sullivan
24          _____
25      Katherine Powell Sullivan, CSR #5812, RPR, CRR